[No. 3345.]

### H. C. Walters *v.* The State.

Jurisdiction and Practice of the Court of Appeals.— Being convicted of a felony the defendant moved for a new trial, and, the motion being overruled, gave notice of appeal. Two days thereafter, and before sentence passed, he made his escape from custody but was captured. He moved in arrest of judgment, but his motion was stricken out, and sentence was then passed on him in accordance with law. The State now moves the court of appeals to dismiss the appeal on the ground that the jurisdiction of said court was ousted by the escape, as provided by article 845 of the Code of Criminal Procedure. But *held* that the motion to dismiss must be overruled. Inasmuch as sentence had not been pronounced at the time of the escape, the cause was then still pending in the court below and the jurisdiction of the court of appeals had not attached; and therefore the cause was not "pending on appeal" at the time of the escape, and the said article 845 does not apply.

Appeal from the District Court of Collin. Tried below before the Hon. R. Maltbie.

This was the appellant's second conviction for the theft of a twenty-dollar United States currency bill, the property of Sophia Doss, in Collin county, Texas, on the 23d day of January, 1884. A term of three years and six months in the penitentiary was the penalty awarded upon this trial.

The report of the former trial will be found on page 226 of Volume 17 of these Reports. It includes the testimony of the prosecutrix, Miss Sophia Doss, Miss Alice Doss, W. L. Boyd, T. T. and T. H. Emerson and L. A. Hartman, who testified to the same facts, in substantially the same language, on this trial. The additional testimony produced by the State on this trial, and the evidence for the defense, will be found below.

Mrs. E. J. Doss testified, for the State, that she was the mother of Sophia, Alice and M. E. Doss, and was the proprietress of the boarding house and controlled the business at the time of the alleged theft. She was also the owner of the twenty-dollar bill involved in this prosecution. She applied the money taken in at her boarding house to the support of herself, and her said three children, and considered that the alleged stolen money belonged to herself and her three children. Witness was at home on the day of the alleged theft. Over objection, the witness testified that she did not give her consent to the defendant to take the said twenty-dollar bill. She knew nothing about the transaction. On her cross-examination the witness testified that the furniture in the boarding house belonged to her, and that the business was conducted in her name. Sophia was twenty-one or twenty-two years old, and Alice eighteen.

Miss M. E. Doss, for the State, testified that she did not give the defendant her consent to take the twenty-dollar bill.

Upon her cross-examination on this trial, the prosecuting witness, Miss Sophia Doss, in response to the defendant's demand to give a circumstantial account of the transaction between her and himself, testified that when she first took the bill out of her trunk she unfolded it, and then folded it again and handed it to the defendant. With respect to this part of the testimony of Miss Sophia Doss, the defendant introduced John D. Page, who testified that he presided as magistrate over the examining trial of the defendant. Witness had before him the written testimony taken on that trial. The witness Sophia Doss, in her testimony before the examining court, said nothing about unfolding the twenty-dollar bill when she took it from her trunk, and nothing about folding it again before she handed it to the defendant. Witness also presided over the civil suit which grew out of this transaction, but paid little attention to the testimony then, as the trial was before a jury, and he was unable to say that Miss Doss did or did not make mention of the unfolding and folding of the bill on that trial.

R. C. White, mayor of the town of McKinney, testified that he was of counsel in a civil case which grew out of this transaction, and examined Miss Sophia Doss as a witness in that cause. Miss Doss did not, on that trial, testify that the alleged bill was unfolded by her when she took it from her trunk, and that she again folded it before she gave it to defendant. According to the recollection of the witness, Miss Doss claimed only that the bill was folded when she gave it to defendant.

F. M. Herron testified, for the defense, that he was a juror on the

former trial of this case, and was of impression that Miss Sophia Doss testified on that trial substantially as she testified on this, except that on the former trial she may have testified that the defendant put the bill between his fingers, and she noticed the edges.

Ex-sheriff Warden and sheriff-elect Beck testified that defendant had been in custody since January 25, 1884.

The written testimony of J. S. Jacobs (presumably that given on the examining trial of the defendant) was next read by the defense. It reads as follows: "I told Lynch, who was with the defendant, that there was an ordinance of the town which prohibited any man from following the business in which he was engaged. Lynch is a street man, and this talk was between 9 and 11 o'clock on the morning of the 23d. Lynch told me he was going, and wished me good-bye. He did not tell me where he was going, but did tell me that he had a friend here, who was a street man, and asked me where Spooner was. My object in telling Lynch about ordinances was to run off street men."

The written testimony of Thomas Lynch reads as follows: "I have known the defendant about ten days. I came with him to McKinney on Monday or Tuesday and remained with him about twenty-four hours. We intended to remain in McKinney longer, but were informed of an ordinance which prohibited the sale of goods on the street. This information witness received from Jacobs and another man. I told Walters, and we concluded to go to Farmersville. Walters's business and mine was to sell goods on the street. I told Jacobs I was going to leave. Walters and I went on the freight train, which was the first train to Farmersville that would carry passengers. I think I told Jacobs where I was going. As soon as we found we couldn't work, we decided to go to Farmersville. We came to McKinney one evening and left next morning, without opening up. I went up after awhile and told Walters I thought we could work, and for him to come down, or I would go back and let him know. We afterwards decided not to work. Jacobs told me about the ordinance on the morning after we got to town. We left that afternoon. We stopped at the Allison House and got a bed and breakfast. The people about the house told us about the ordinance next morning. We decided to leave as soon as we heard of the ordinance."

The motion for new trial complained of the action of the court in admitting proof of the non-consent to the taking of persons other than the owner as alleged in the indictment; of the refusal of the court to charge for acquittal unless the jury believed Sophia Doss

was the owner of the bill; of the refusal of the court to give requested charges, and of the sufficiency of the evidence to support the verdict.

The conviction in this case was affirmed, without written opinion upon the merits, at a day subsequent to that on which the motion to dismiss was disposed of by the opinion reported.

*Abernathy Bros.*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.   On the 6th day of February, 1885, the defendant was convicted and judgment was then rendered and entered against him.   On the 7th of February, the next day after his conviction, he filed a motion for a new trial, which, on the 16th of the same month, was overruled, and he thereupon gave notice of appeal to this court.   On the 18th day of the same month he escaped from custody, and did not voluntarily return into custody, but was re-arrested and reconfined in jail by the sheriff of Collin county.   On the 25th of the same month he moved in arrest of judgment, which motion, upon exceptions made thereto by the county attorney, was stricken out, and thereupon, on said 25th day of February, 1885, the defendant was sentenced in accordance with the verdict and judgment and the law.

Upon this state of facts, the assistant attorney-general moves this court to dismiss this appeal, under authority of article 845 of the Code of Criminal Procedure, which provides that, " In case the defendant, pending an appeal in a felony case, shall make his escape from custody, the jurisdiction of the court of appeals shall no longer attach in the case; and upon the fact of such escape being made to appear, the court shall, etc., dismiss the appeal," etc.   Was this appeal *pending* when the defendant escaped from custody?   Had the jurisdiction of this court then attached to the case?   These questions must be answered in the negative.   At the time of the escape the cause was still pending in the trial court, and had not been finally disposed of by that court.   Sentence had not been pronounced as required by law, and the jurisdiction of the court of appeals did not and could not attach until sentence had been pronounced in accordance with law.   (Code Crim. Proc., art. 794; *Hart* v. *The State*, 14 Texas Ct. App., 323; *Taylor* v. *The State*, Id., 340.)

As the appeal was not pending in this court at the time of the

escape, but was perfected after such escape, and while the defendant was in custody, it cannot affect the jurisdiction of this court, and the motion to dismiss the appeal is refused.

*Motion overruled.*

[Opinion delivered April 11, 1885.]